O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Barry Kohl, | ) Case No. CV 14-01255 BRO(MANx) |
|---|---|
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S MOTION** |
| | ) **TO DISQUALIFY JUDGE O'CONNELL** |
| v. | ) |
| Patrick R. Donohoe, et al., | ) |
| Defendants. | ) |

This matter comes before the court on Plaintiff Barry Kohl's Motion to Disqualify Judge O'Connell.[1]  Having reviewed Plaintiff's submissions, the court DENIES the motion and adopts the following order.

**I. Background**

Plaintiff, a former employee of the United States Postal Service, filed this employment discrimination action on February 19, 2014.  The case was assigned to Judge O'Connell that same day. (Dkt. No. 1).  The United States Department of Justice is named as

---

[1] Plaintiff's Motion seeks to disqualify over a dozen judges of this court.  Of these, however, only Judge O'Connell is assigned to this proceeding.

a defendant.  Plaintiff now moves to disqualify Judge O'Connell under 28 U.S.C. § 455(a) and (b)(1) because Judge O'Connell formerly "worked for the U.S. Attorney's office."  (Motion at 2.)

**II. Discussion**

A judge "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned" and in proceedings in which "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a),(b)(1).  The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice.  In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Here, though Plaintiff himself questions Judge O'Connell's impartiality (Mot. at 2), the Section 455 standard does not look to a party's subjective belief.  Plaintiff's reference to Judge O'Connell's former employment is insufficient to establish that Judge O' Connell's impartiality could reasonably be called into question.  Plaintiff does not contend that Judge O'Connell participated in this proceeding in her former capacity or expressed an opinion regarding this case, and does not seek disqualification

2

1 under 28 U.S.C. § 455(b)(3).[2]  Nor has Plaintiff established that
2 Judge O'Connell received any extrajudicial information or bears a
3 "deep-seated and unequivocal antagonism" toward Plaintiff "that
4 would render fair judgment impossible" in this action.  F.J.
5 Hanshaw Enters., 244 F.3d at 1144-45.[3]

**III.  Conclusion**

   For the reasons state above, Plaintiff's Motion to Disqualify is DENIED.

IT IS SO ORDERED.

Dated: March 26, 2014

                                  DEAN D. PREGERSON
                                  United States District Judge

---

[2] Section 455(b)(3) states that a judge should disqualify herself "[w]here [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  28 U.S.C. § 455(b)(3).

[3] Plaintiff's Motion devotes little discussion to Judge O'Connell, focusing instead on other judges not assigned to this matter, some of whom do not sit on this court.